UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEISHA MOORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | No.  2:14-cv-0820-TLN-KJN PS<br><br><br>ORDER |

On October 2, 2014, plaintiff Kenneisha Moore, proceeding without counsel, filed a motion for default judgment in this social security action.  (ECF No. 9.)  For the reasons discussed below, the court DENIES the motion without prejudice.

A review of the returns of service filed by plaintiff indicates that plaintiff has not properly completed service of process on the Commissioner of Social Security.  To properly serve the Commissioner with process, the Federal Rules of Civil Procedure require plaintiff to serve the following three entities/components:

(1) The United States attorney for the district where the action is brought, i.e., the United States Attorney for the Eastern District of California (with an address of 501 I Street, Suite 10-100, Sacramento, CA 95814), by delivering copies of the process documents or sending copies of the process documents by registered or certified mail [See Fed. R. Civ. P. 4(i)(1)(A)];

1

    (2) The Attorney General of the United States at Washington, D.C. (with an address of 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001), by sending copies of the process documents by registered or certified mail [See Fed. R. Civ. P. 4(i)(1)(B)]; AND

    (3) The Commissioner of Social Security, Office of General Counsel, Region IX (with an address of 160 Spear Street, Suite 800, San Francisco, CA 94105-1545) by sending copies of the process documents by registered or certified mail  [See Fed. R. Civ. P. 4(i)(2)].

Although it appears that plaintiff accomplished the third component by serving the Office of General Counsel, Region IX in San Francisco, California by certified mail (see ECF No. 6),[1] the returns of service do not demonstrate proper service on the United States Attorney for the Eastern District of California or the Attorney General of the United States at Washington, D.C.  (See components (1) and (2) above.)  All of the three entities/components must be properly served before service of process can be deemed complete.

    However, in light of plaintiff's *pro se* status, the fact that plaintiff's error regarding service of process was likely the result of inadvertent mistake, and because plaintiff has taken some good faith steps towards serving the Commissioner, the court finds it appropriate to grant plaintiff an additional 30 days to properly complete service of process on the Commissioner.

    Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (ECF No. 9) is denied without prejudice.
2. Plaintiff shall properly complete service of process on the Commissioner by serving the required process documents on all three entities, as outlined above, within 30 days.

////
////
////
////
////
////

---

[1] The returns of service indicate that plaintiff also served the Commissioner at its Baltimore, Maryland address by certified mail.  (ECF No. 6.)

3. Failure to properly complete service of process by the required deadline may result in the imposition of sanctions, including monetary sanctions and/or potential dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: October 14, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE